Charles E. LEWIS, Petitioner,

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent,

United Parcel Service, Inc., Intervenor.

No. 84–6072.

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 4, 1985.

Decided Dec. 10, 1985.

Rehearing Denied Jan. 24, 1986.

Ellis Boal, argued, Detroit, Mich., for petitioner.

Elliott Moore, Deputy Associate Gen. Counsel, N.L.R.B., Washington, D.C., Marion Griffin, argued, for respondent.

Before LIVELY, Chief Judge, and MARTIN and JONES, Circuit Judges.

PER CURIAM.

The petitioner Lewis seeks review of a decision of the National Labor Relations Board affirming the decision of an administrative law judge who found that Lewis' employer, United Parcel Service, Inc., did not commit an unfair labor practice in terminating him. The decision of the Board is reported at 270 NLRB No. 50, 116 LRRM 1064 (1984).

After Lewis was terminated he filed a written grievance that went to arbitration before a panel of the UPS Joint Area Committee. The panel upheld the termination, following which Lewis filed an unfair labor practice charge. UPS moved to dismiss the unfair labor practice charge on the ground that the Board should defer to the arbitration panel's decision. This motion was granted by the administrative law judge and the General Counsel sought review. Before the administrative law judge and the Board, the General Counsel argued that the written decision of the arbitration panel did not reflect that the issue that underlies the unfair labor practice charge was considered by the panel. Lewis had filed a large number of grievances during the time he was employed by UPS and he contended that he was terminated for resorting too often to the grievance procedure.

The decision of the arbitration panel was very brief and did not refer specifically to the fact that Lewis had filed numerous grievances and was contending that this

was the reason for his discharge. Taped records of the hearing before the arbitration panel were presented at the hearing before the administrative law judge and in addition UPS called the union co-chairman of the arbitration panel to testify that the panel had indeed heard testimony concerning the claim of discriminatory firing before reaching its decision. The administrative law judge stated his finding as follows:

> Accordingly, I find that the panel had presented to it, and that it did consider, all of Lewis' and Erreger's evidence relating to Lewis' claim of harassment for filing grievances and found it insubstantial and decided on the remaining evidence that the grievance lacked merit.

In affirming the decision of the administrative law judge, the Board found that deferral to the decision of the arbitration panel was appropriate under the standards set forth in *Spielberg Mfg. Co.*, 112 NLRB 1080 (1955), and that nothing in its more recent decision in *Olin Corp.*, 268 NLRB No. 86 (1984), would alter the result reached under the preexisting standards. The Board concluded its decision, "As we find that the judge correctly determined that the unfair labor practice alleged here was litigated and decided in the arbitration proceeding and that the decision of the State Panel was not repugnant to the Act, we affirm his dismissal of the complaint." (Footnote omitted).

■ Upon consideration of the briefs and oral arguments of counsel together with the administrative record on appeal, this court concludes that the Board did not abuse its discretion in affirming the decision of the administrative law judge which deferred to the decision of the arbitration panel. The record before the administrative law judge showed that Lewis' claim that he was unlawfully terminated for filing numerous grievances was litigated in the proceedings before the arbitration panel. The decision of the arbitration panel could have dealt more fully with the issues presented at the hearing. However, if the record shows that the statutory issue was presented and considered, there is no requirement that the decision of the arbitration panel explicitly set forth this fact. See *NLRB v. Magnetics International, Inc.*, 699 F.2d 806, 811 (6th Cir.1983) ("[W]e will not require [that the] evidence that the unfair labor charge was presented and considered be in written form. . . .").

■ We reach our conclusion that the administrative law judge properly granted deferral to the decision of the arbitration panel and that the Board correctly affirmed the decision of the administrative law judge without reference to the testimony of a member of the arbitration panel. If that were the only evidence in support of these decisions we would be compelled to reverse. We do not approve the practice of calling arbitrators as witnesses with respect to the matters heard by the panel or considered by them in reaching their decisions. Though counsel in this case meticulously avoided asking questions that would require the arbitration panel member to testify concerning the deliberations of the arbitration panel, the practice of calling a member of a quasi-judicial body to explain or otherwise embellish its decision is not permitted.

The petition for review is denied, and the decision of the Board is affirmed.